THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE STANDARD GAS–LIGHT COMPANY OF THE CITY OF NEW YORK, Appellant, *v.* THOMAS F. GILROY, as Commissioner of Public Works of the City of New York, Respondent.

*Vested right to lay gas pipes in streets not impaired by chapter 566 of the Laws of 1890 — consent of municipal authorities not requisite.*

The right acquired by the Standard Gas-Light Company to lay its mains and conductors in all the streets of the city of New York, under chapter 248 of the Laws of 1886, in consideration of its furnishing gas at reduced prices, has not been impaired by the repeal of that act by chapter 566 of the Laws of 1890 (chapter 40 of the general laws), but is within the saving clause (§ 161) of the latter act.

The provisions of the general gas-light act, requiring the consent of the municipal authorities for the laying of gas mains and conductors in streets, do not apply to the vested right of the Standard Gas-Light Company to lay its pipes therein, and the commissioner of public works of the city of New York cannot refuse a permit to that company to open the streets of the city to extend its mains on the ground that the consent of the municipal authorities to the laying of such mains has not been obtained.

Appeal by the relator, the Standard Gas-Light Company, from an order, entered in the office of the clerk of the city and county of New York on the 14th day of December, 1892, overruling a demurrer to a return to an alternative writ of *mandamus*, and dismissing the writ.

*Almon Goodwin*, for the appellant.

*T. Connoly*, for the respondent.

324 PEOPLE ex rel. STANDARD G. L. CO. v. GILROY.

First Department, February Term, 1893.

Van Brunt, P. J.:

This is an appeal by the Standard Gas-Light Company, relator, from a final order, entered at Special Term, overruling a demurrer interposed by said relator to a return filed by the respondent to an alternative writ of *mandamus*.

The allegations of the alternative writ of *mandamus*, so far as they are material to the decision below and to the present appeal, are as follows:

That the respondent is commissioner of public works of this city, with the power of granting permits for opening public streets in the city of New York for the purpose of laying gas mains and conductors.

That the Standard Gas-Light Company, the relator, is a corporation, organized about the month of February, 1886, under the general gas-light act passed February 16, 1848, and acts amendatory thereto, and is now engaged in the manufacture and distribution of gas to its customers.

That after the incorportion of the relator, there was passed chapter 248 of the Laws of 1886, entitled "An act to facilitate the supply of illuminating gas in the city of New York at a reasonable price," by which, among other things, the Standard Gas-Light Company was authorized and empowered to lay conductors and mains for conducting gas in the streets, etc., of this city, and, as a consideration therefor, that the said gas company should file in the office of the comptroller of the city of New York a stipulation that the gas should have an illuminating power of twenty-five candles, and that its price should not exceed one dollar and fifty cents per thousand feet; that thereafter a stipulation was duly filed by relator, and that relator is now furnishing large quantities of gas for the public lamps of the city of New York at the reduced price fixed by the act, being some twenty per cent less than the price paid by the city to other gas companies, except the Equitable Gas-Light Company.

Various allegations of the alternative writs show that the company has expended a large sum of money in the purchase of real estate, gas works, street mains, meters and other necessary appliances of which the cost, in all, up to March 31, 1892, was $3,699,710.39.

That on the 4th of June, 1892, requests were made to respondent for permits to open the streets to lay a twenty-inch main on the

north side of Thirteenth street, commencing at the termination of its present main on the west side of Seventh avenue, and running to the west side of Ninth avenue, and also for permits to enable the company to lay two ten-inch mains on Tenth avenue, commencing at its present main on the north side of Thirteenth street, and running to the north side of Eighth street, and for permit to open the necessary streets for laying a continuation of its twelve-inch main on the north side of Fortieth street, from the west side of Sixth avenue to the west side of Ninth avenue, there to connect with the main already laid in that avenue, the laying of said new mains being necessary to complete the unfinished work, and to make connections between mains theretofore laid by the same company.

The alternative writ further alleges the refusal of respondent to grant the permit; that the fact of the refusal prevents any further *extension* of the business of the relator.

And the alternative writ further alleges that the rights, etc., granted to relator by chapter 248 of the Laws of 1886, have not been taken away or impaired by any act of the legislature of this State, but have been expressly reserved and confirmed to relator by chapter 566 of the Laws of 1890, and section 36 of chapter 687 of the Laws of 1892.

The alternative writ then contains the usual direction to respondent. To this alternative writ a return was duly filed, alleging, among other things, that, under the terms of chapter 37 of the Laws of 1848, the act under which relator was incorporated, all gas-light companies in the cities of this State could only lay their mains and conductors in streets and highways of said city, *with the consent of the municipal authorities,* and under such reasonable rules and regulations as said municipal authorities should prescribe, and not otherwise.

That relator *has not obtained the consent of the municipal authorities* of this city for the laying of mains and conductors mentioned in the alternative writ herein in the streets, for the opening of which requests were made to respondent, as alleged in the thirteenth paragraph of the alternative writ.

That chapter 248 of the Laws of 1886, which was the act giving to relator its special privileges, was repealed by chapter 566 of the Laws of 1890, which took effect May 1, 1891, and that by virtue of

326   PEOPLE ex rel. STANDARD G. L. CO. v. GILROY.

FIRST DEPARTMENT, FEBRUARY TERM, 1893.

such repeal relator lost all the rights and privileges granted to it by chapter 248 of the Laws of 1886, and that the same ceased and determined on such day, except as the same had already been exercised by relator in the portions of the city of New York, in which streets and portions of streets had already been occupied by the mains and conductors of relator.

That the relator did not, on the 1st of May, 1891, nor at any time prior thereto, occupy, with its mains, etc., any portion of the street or streets in the alternative writ herein alleged, but that said streets were then and are now outside of the territory and portions of the city of New York occupied by the plant, mains, conductors, etc., of relator.

That respondent has not refused and does not now refuse permission to relator to open any portions of the streets for the work of connection, maintenance and repair, and occupied by the said mains or conductors of relator on the 1st day of May, 1891, but that respondent has refused and does still refuse to grant any permit to *extend the conductors or mains of relator into any street or parts of streets not occupied by the conductors or mains of relator on said 1st day of May*, 1891.

That the refusal of respondent to grant permits for further extensions is based on the repeal of chapter 248 of the Laws of 1886 as aforesaid, and upon the want of consent of the municipal authorities to relator to make further extensions.

Respondent, therefore, denies that the rights, privileges, etc., of relator have not been abridged or taken away, but alleges that all its rights and privileges, except as to territory occupied by it on the 1st day of May, 1891, ceased and determined on said date.   To this return of respondents the relator interposed a demurrer upon the ground that the same was insufficient in law upon the face thereof.

Thereafter upon a hearing at Special Term, the demurrer interposed by the relator to the return of the respondent was overruled, and the alternative writ of *mandamus* dismissed.

The question presented, therefore, upon this appeal is: Does the relator require the consent of the municipal authorities of this city to lay its mains, conductors, etc. ?   This question is to be determined by the interpretation which is to be given to chapter 566 of the Laws of 1890 as amended by chapter 617 of the Laws of 1892.

It is claimed upon the part of the respondent that all the rights and privileges which were conferred upon the appellant by chapter 248 of the Laws of 1886 were repealed by the said acts of 1890 and 1892. But, by section 161 of the act of 1890 (chap. 566), which immediately follows the repealing clause contained in that act, it is provided that " the repeal of a law or any part of it specified in the annexed schedule *shall not affect or impair any act done, or right accruing, accrued or acquired,* or liability, penalty, forfeiture or punishment incurred prior to May first, eighteen hundred and ninety-two, under or by virtue of any law so repealed, *but the same may be asserted, enforced, prosecuted or inflicted, as fully and to the same extent as if such law had not been repealed.*" And it is urged, upon the part of the appellant, that the right to do the work which it was proposed to do, had accrued prior to the passage of the act of 1890, and that, therefore, it came within the saving clause of section 161.

It appears upon an examination of chapter 248 of the Laws of 1886, that power and authority was given to the appellant to lay conductors and mains for conducting gas through and under all the streets, avenues and squares and public places of said city, and that, as a consideration therefor, the company should file in the office of the comptroller of said city a stipulation or agreement that all the gas supplied through such conductors and mains should have a certain illuminating power and that no greater price or charge for supplying the same should be asked or received by the company than at the rate of one dollar and fifty cents per thousand feet; and that all gas supplied by said company for any of the public buildings or offices of the corporation of said city, situated on the line or lines of the conductors and mains of said company, should be furnished at a rate not to exceed one dollar and twenty-five cents per thousand cubic feet; and that said company should supply gas to the public lamps, situated on such line or lines, when required by said city of New York, at a maximum rate not to exceed twelve dollars and fifty cents per annum for each lamp.

These provisions of the statute were complied with by the appellant and it is now furnishing large quantities of gas for the public lamps of the city, at the reduced price fixed by the act, being some twenty per cent less than the price paid by the city to other gas companies, except the Equitable Gas Company.

328   PEOPLE ex rel. STANDARD G. L. CO. v. GILROY.

FIRST DEPARTMENT, FEBRUARY TERM, 1893.

It was in consideration of this reduction in the price of gas that the right was conferred upon the Standard Gas-Light Company to lay conductors and mains through and under *all* the streets, avenues, squares and public places of said city. They, therefore, by the acts done, had acquired the right to lay these mains under the act of 1886. It was a matter of contract between the people and this gas company, and rights thus acquired it was the evident intention of section 161 of the act of 1890 to leave unmolested.

The claim that it " is perfectly possible to harmonize the repealing clause and the saving clause by holding that the intention was that no act done, right accrued or liability incurred by the Standard Gas-Light Company prior to the repeal, should be affected thereby, but that since such repeal the company, in the transaction of its business, comes within the provisions of the General Gas-Lght Act, as embodied in the Transportation Corporations' Law," is certainly not saving to the appellant any right which it had secured by reason of the special privileges conferred upon it by·the act of 1886 in consideration of concessions which it made in respect to the furnishing of gas to the public at large and to the municipality. It would be a curious anomaly in the law, if concessions made in view of rights conferred, could be insisted upon and a large portion of the rights taken away.

It seems to us, therefore, in view of the character of the legislation by which the rights enjoyed by the appellant were conferred upon it and the express reservation of vested rights by section 161 of chapter 566 of the Laws of 1890, that there was no intention, upon the part of the legislature, to interfere with the powers which had been conferred of a character such as those enjoyed by the appellant. The construction claimed by the ·respondent would strip the appellant of a very large portion of the powers conferred upon it and which were the inducement for the stipulation in respect to the price of furnishing gas which the appellant entered into. Under these circumstances it does not seem to us that the provisions of the general act, in respect to the consent of the municipal authorities, were intended to apply to rights vested as those of the appellant were.

It is undoubtedly true that the commissioner of public works has under the provisions, even of the act of 1886, certain regulating and

controlling powers over the opening of the streets and the conduct of this work, but we do not understand that the refusal to grant the permit asked for by the appellant was based upon any such power, but simply because the appellant had no right to open any street without the consent of the municipal authorities, and that without the consent of the municipal authorities of the city, other than the commissioner of public works, he has no authority to grant the permit asked for.

We being of the opinion that this additional limitation was not intended to apply to the rights which had accrued to the appellant, it follows that the writ of *mandamus* should have issued as prayed for by the appellant.

The order should be reversed, with costs, and the demurrer sustained, and the peremptory writ issue, unless the respondent desires to withdraw demurrer and traverse the alternative writ which it may do upon payment of costs.

O'BRIEN and FOLLETT, JJ., concurred.

So ordered.